IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MORESIA BROWN HAMILTON,** ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 3:22-CV-00649-X (BH) | |
| ) | | |
| **OFFICE OF INSPECTOR GENERAL,** ) | | |
| et al., ) | | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's Title VII claims should be **DISMISSED WITHOUT PREJUDICE** and her remaining state law claims should be **DISMISSED WITHOUT PREJUDICE** to pursuing them in state court.

### I.     BACKGROUND

Moresia Brown Hamilton (Plaintiff) sues her former employer, the Texas Office of Inspector General (OIG), her former supervisor (Supervisor) and the current Inspector General for Texas Health and Human Services (IG) for discrimination and wrongful termination. (doc. 4 at 1; doc. 8 at 5, 17.)[2] She claims that OIG treated her differently from others by paying her less and that Supervisor terminated her in April 2016 because of her race and in retaliation for telling an IRS investigator in 2008 that Supervisor did not go over IRS reports with Plaintiff's unit. (doc. 8 at 2, 13, 17; doc. 14 at 7.)[3] The termination caused her to "los[e] everything," including her home, and it exacerbated or caused ailments like paranoid schizophrenia, depression, and

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Plaintiff also filed two sets of responses to the first magistrate judge's questionnaire, (docs. 8, 14), and several "exhibits" and "notices", (docs. 17, 18, 19, 20, 21, 22, 23, 33, 34).

anxiety. (*See*, *e.g.*, doc. 8 at 1, 14; doc. 14 at 7-9.) In addition to her discrimination claims, Plaintiff also appears to assert state law claims for breach of contract and intentional infliction of emotional distress (IIED). (*See, e.g.*, doc. 8 at 2, 5, 17; doc. 14 at 2, 11.) She seeks monetary relief, including lost wages, emotional distress damages, "future economical damages," "back wages for twenty-seven years," damages for pain and suffering, and punitive damages. (doc. 14 at 11.)

## II.     PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.     TITLE VII

Plaintiff's pleadings are liberally construed as asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et*

*seq.*, which prohibits employment discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a).

Before suing under Title VII, plaintiff must exhaust her administrative remedies. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). This means that the plaintiff "must file a timely charge with the EEOC and then receive a notice of the right to sue." *Id.* After receiving a right-to-sue letter from the EEOC, the plaintiff must sue within 90 days or risk dismissal of her claim. *See* 42 U.S.C. § 2000e-5(f)(1); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see also Kelley v. Garland*, Civil Action No. 21-CV-0015-L-BH, 2023 WL 4003299, at *5 (N.D. Tex. May 23, 2023) (concluding that Title VII claim should be dismissed for failure to state a claim where neither the plaintiff's complaint nor his responsive brief alleged that he "filed a charge with the EEOC regarding a Title VII claim, or that he received a right-to-sue letter about such a claim"), *rec. accepted* 2023 WL 4010376 (N.D. Tex. June 14, 2023); *Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1-2 (N.D. Tex. Jan. 27, 2016) (finding that plaintiff's Title VII claim should be dismissed for failure to state a claim rather than lack of jurisdiction where the plaintiff failed to allege exhaustion of administrative remedies); *Carr v. United Reg'l Health Care Sys., Inc.*, No. 4:06-CV-194-A, 2006 WL 2370670, at *2 (N.D. Tex. Aug. 16, 2006) (determining that claims under the ADA and the Rehabilitation Act were subject to dismissal "because [plaintiff] has failed to allege that he exhausted his…administrative remedies…"); *Shabazz v. Tex. Youth Comm'n*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003) (dismissing Title VII claim where plaintiff alleged that he filed a charge but failed to allege that a right-to-sue letter was issued or received).

Here, Plaintiff did not allege in her complaint or in her questionnaire responses[4] that she exhausted her administrative remedies by filing a charge of discrimination with the EEOC and then filing suit after receiving a right-to-sue letter.[5] She was specifically asked for details about any charge of discrimination that she filed and any agency decision regarding that charge, and she was ordered to attach a copy of the charge of discrimination and the EEOC's decision. (*See* doc. 10 at 5.) Plaintiff did not respond to the question. (*See* doc. 14.) Because she has not alleged exhaustion, her Title VII claims should be dismissed without prejudice for failure to exhaust administrative remedies. *See Hoffman*, 596 F.2d at 685 ("A judicial complaint that fails to allege exhaustion of administrative remedies…is properly subject to dismissal."); *see, e.g, Shabazz*, 300 F.Supp.2d at 471 (dismissing *pro se* plaintiff's Title VII claim without prejudice where complaint failed to allege exhaustion of administrative remedies).[6]

## IV.   STATE LAW CLAIMS

Plaintiff alleges that Defendants are liable for intentional infliction of emotional distress and breach of contract under state law. (*See*, *e.g.*, doc. 14 at 2, 11.)

Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendant or

---

[4] Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to her pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[5] At best, she vaguely alleges that she called lawyers who investigated her claim but took no action, prompting her to file unspecified "paperwork." (doc. 14 at 9.)

[6] "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citations omitted).

supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[7] This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endant jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

---

[7]Under 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it had original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, because Plaintiff's sole federal claim is subject to dismissal for failure to state a claim, and determination of the claim did not require consideration of the state law claims, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999) (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

### V.   LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead her best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to detailed questionnaires to clarify her allegations and plead her best case. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop

6

the factual basis for his complaint."). Plaintiff has been given ample opportunity to plead her best case, her Title VII claims are being dismissed without jurisdiction for lack of exhaustion,[8] and further leave to amend is not necessary or warranted. *See, e.g., Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## VI. RECOMMENDATION

Plaintiff's Title VII claims should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies and her state law claims should be **DISMISSED WITHOUT PREJUDICE** to pursuing them in state court.

**SIGNED on this 27th day of June, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiff's Title VII claims may be time-barred. A charge of discrimination must be filed with the EEOC within 300 days of the plaintiff learning of the alleged adverse employment action. *Washington v. Patlis*, 868 F.2d 172, 175 (5th Cir. 1989); 42 U.S.C. § 2000e-5(e)(1). The plaintiff then has 90 days to file suit after receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). The latest adverse employment decision that Plaintiff complains about is her termination on April 13, 2016. (doc. 14 at 4.)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE